**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Huguette Nicole Young

   v.                                    Case No. 20-cv-1080-LM

Rick Becksted, Mayor,
City of Portsmouth


**REPORT AND RECOMMENDATION**

Huguette Nicole Young, an Oregon resident, has filed a verified complaint for declaratory and emergency injunctive relief (Doc. No. 1), claiming that a mask ordinance passed in September 2020 by the City of Portsmouth, New Hampshire, violates her First Amendment right of free speech.  She claims the ordinance has the effect of "block[ing] plaintiff's ability to communicate audibly, clearly, and expressively (e.g., by violating plaintiff's right to smile at others)" by requiring her to wear a mask in Portsmouth.[1]  Doc. No. 1, at 1-2.  Ms.

---

[1]The ordinance requires people in Portsmouth to wear "face coverings whenever they are in indoor or outdoor places which are accessible to the public, in which a physical distancing of six feet (6') between people who are not members of the same household is not maintained."  City of Portsmouth, COVID-19 Information, Mask Ordinance, Ord. No. 03-2020, Chp. 3, Art. XI, Sect. 3.1101, https://www.cityofportsmouth.com/city/covid-19-information (last visited Nov. 9, 2020).  Permissible face coverings include "any product . . . commercially manufactured or personally created," that "covers the nose and mouth of the person wearing it."  Id. Sect. 3.1102.  The ordinance includes exceptions for children six and younger, those with certain

Young's complaint is before the court for review to determine if
she has invoked the court's subject matter jurisdiction.  See
Fed. R. Civ. P. 12(h)(3) (court must dismiss action if at any
time it determines that it lacks subject matter jurisdiction).

Ms. Young has simultaneously filed an application to
proceed in this case without paying the full filing fee (Doc.
No. 3), a motion to file electronically (Doc. No. 4), and a
motion for a speedy hearing (Doc. No. 2).  Those motions remain
pending at this time.  The request for a preliminary injunction
set forth in the complaint (Doc. No. 1) has been referred to the
undersigned magistrate judge for a report and recommendation as
to disposition.  See Nov. 6, 2020 Order.

## **Discussion**

I.   Plaintiff's Burden to Establish Subject Matter Jurisdiction

The court may inquire, sua sponte, into its subject matter
jurisdiction and must dismiss the case if it finds it lacking.
See Fed. R. Civ. P. 12(h)(3).  "Under Article III of the
Constitution, standing is a prerequisite to subject matter
jurisdiction that [courts] must address, sua sponte if
necessary, when the record reveals a colorable standing issue."

---

health conditions, and people eating and drinking in the City's
restaurants and bars.  Id. Sect. 3.1103.

2

Rivera v. IRS, 708 F. App'x 508, 513 (10th Cir. 2017); see also

IMS Health, Inc. v. Ayotte, 550 F.3d 42, 48 (1st Cir. 2008)

("'Standing is a threshold issue in every federal case.'  It

bears directly upon a court's power to adjudicate a dispute."

(citation omitted)), abrogated in part on other grounds, Sorrell

v. IMS Health Inc., 564 U.S. 552, 562 (2011).

    "'[T]he party invoking the jurisdiction of a federal court

carries the burden of proving its existence.'"  Calderón-Serra

v. Wilmington Tr. Co., 715 F.3d 14, 17 (1st Cir. 2013) (citation

omitted).  At the pleading stage, Ms. Young "bears the burden of

establishing sufficient factual matter to plausibly demonstrate

[her] standing to bring the action"; "[n]either conclusory

assertions nor unfounded speculation can supply the necessary

heft."  Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st

Cir. 2016).  In light of Ms. Young's pro se status, the court

construes her pleadings liberally, see Erickson v. Pardus, 551

U.S. 89, 94 (2007), in determining if the court's jurisdiction

has been properly invoked.

    To satisfy Article III's standing requirement, the

plaintiff bears the burden of establishing (1) that she has

suffered an "injury in fact"; (2) that the injury is "fairly

traceable to the actions of the defendant"; and (3) that the

"injury will likely be redressed by a favorable decision."

Bennett v. Spear, 520 U.S. 154, 162 (1997) (internal quotation marks omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized," and "(b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (internal quotation marks and citations omitted); see also Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) ("threatened injury must be certainly impending to constitute injury in fact," and "[a]llegations of possible future injury are not sufficient" (citations and internal quotation marks omitted)).  For an injury to be "fairly traceable" to a defendant's actions, there must "be a causal connection between the injury and [defendant's] conduct," rather than "to some third party's independent action."  Council of Ins. Agents & Brokers v. Juarbe-Jiménez, 443 F.3d 103, 108 (1st Cir. 2006) (citations and internal quotation marks omitted).

Furthermore, "[a] plaintiff must demonstrate standing separately for each form of relief sought."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 185 (2000).  "'[A] continuing violation or the imminence of a future violation' is necessary to confer Article III standing to seek injunctive relief."  Conservation Law Found. v. Pub. Serv. Co. of N.H., No. 11-cv-353-JL, 2012 WL 4477669, at *10, 2012

4

U.S. Dist. LEXIS 138881, at *40, 2012 DNH 174 (D.N.H. Sept. 27,

2012) (citation omitted); see also City of L.A. v. Lyons, 461

U.S. 95, 109 (1983) (plaintiff who had been subjected to police

chokehold lacked standing to seek injunction against enforcement

of police chokehold policy in future because he could not

credibly allege that he faced realistic threat from policy).

Ms. Young has filed actions challenging mask requirements

around the country.  Orders issued in the following cases have

dismissed her complaint, alleging facts analogous to those

alleged here, for lack of subject matter jurisdiction:  Young v.

Frosh, No. 1:20-cv-2935-ELH, 2020 WL 6150952, at *4, 2020 U.S.

Dist. LEXIS 193396, at *8 (D. Md. Oct. 20, 2020) (allegations

that Ms. Young might be employed again as truck driver and might

stop in Maryland are speculative and insufficient to establish

standing or ripeness); Young v. Hill, No. 1:20-cv-02575-LRY-TAB

(D. Ind. Oct. 14, 2020) (ECF No. 6) (allegations that plaintiff

lives in Oregon, is not currently employed as a truck driver,

and might get a job sometime in the future which might require

her to stop in Indiana, are insufficient to establish standing);

Young v. Healey, No. 20-cv-11832-RGS, 2020 WL 5995213, at *2,

2020 U.S. Dist. LEXIS 187876, at *4-5 (D. Mass. Oct. 9, 2020)

(allegations that she resides in Oregon, has no plans to travel

to Massachusetts, and no longer holds commercial driver's

5

license fail to establish standing or ripeness), <u>recons. denied</u>, No. CV 20-11832-RGS, 2020 WL 6384314, at *2, 2020 U.S. Dist. LEXIS 202607, at *3 (D. Mass. Oct. 30, 2020) (intent to visit Massachusetts where she will be subject to mask mandate while shopping is insufficiently imminent to show she has standing); <u>Young v. Rutledge</u>, No. 4:20-CV-01185-BRW, 2020 U.S. Dist. LEXIS 185678, at *1 (E.D. Ark. Oct. 7, 2020) (allegations that her "right to free speech will be violated . . . should [she] decide to take a trucking job that has her working in, or passing through, Arkansas because [she] will be required to wear a mask while doing routine shopping for supplies at Walmart in Arkansas" fail to establish standing).

The complaint here alleges facts similar to those alleged in those cases:  she lives in Oregon; she used to work as a trucker; and she has visited or shopped in the past in Portsmouth.  In addition she alleges she is looking for employment in Portsmouth but will not accept any offers or otherwise return there unless there is no mask ordinance.  Those facts fail to establish that she has standing at this time to challenge the Portsmouth mask ordinance.  The district judge in this case should dismiss the complaint, without prejudice, for failure to invoke this court's subject matter jurisdiction over her claims for injunctive and declaratory relief.

II.   Preliminary Injunction

"'A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.  As this case should be dismissed for lack of jurisdiction, the plaintiff has failed to show any likelihood of success on the merits.

Furthermore, Ms. Young has failed to show that an injunction is necessary to avoid irreparable harm.  The ordinance will expire on January 4, 2021.[2]  The facts alleged in the complaint do not show that Ms. Young is likely to be

---

[2]See City of Portsmouth, COVID-19 Information, Mask Ordinance, Ord. No. 03-2020, Chp. 3, Art. XI, Sect. 3.1101-3.1104, https://www.cityofportsmouth.com/city/covid-19-information (last visited Nov. 9, 2020).

subjected to the mask requirement in Portsmouth before that
date, and, if she were to become subjected to it, she has not
shown that, in the absence of a preliminary injunction, she
cannot take steps to wear a diaphanous mask and/or clear face
shield to avoid the injury she alleges.  Cf. Young v. Bottoms,
No. 1:20-cv-04431-TWT (N.D. Ga. Nov. 3, 2020) (ECF No. 7)
("[t]here is no constitutional right to be seen smiling while
talking," and "[i]f there was, [Ms. Young] could wear a
transparent face shield"); Young v. James, No. 20-cv-8252-PAE,
2020 U.S. Dist. LEXIS 198392, at *8 (S.D.N.Y. Oct. 26, 2020)
(denying motion to enjoin New York executive order ("EO") that
requires masks use in public as EO "does not prevent Young from
speaking or expressing herself"; "[i]t simply requires that,
under certain circumstances, she speaks through a face
covering," and, "at most, imposes a content-neutral limitation
on where and how a person can speak or express themselves"),
appeal docketed, No. 20-3790 (2d Cir. Nov. 5, 2020).
Accordingly, the district judge should deny Ms. Young's request
for a preliminary injunction.


## Conclusion

     For the foregoing reasons, the district judge should
dismiss all of the claims in this action without prejudice for

8

lack of subject matter jurisdiction, deny the request for a

preliminary injunction, and deny the pending motions (Doc. Nos.

2, 3, 4) as moot.  Any objections to this Report and

Recommendation must be filed within fourteen days of receipt of

this notice.  See Fed. R. Civ. P. 72(b)(2).  That period may be

extended upon motion.  Failure to file objections within the

specified time waives the right to appeal the district court's

order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168

(1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

November 10, 2020

cc:  Huguette Nicole Young, pro se

9